NO. 07-00-0410-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 5, 2001

_____

IN THE INTEREST OF J.L.M., A CHILD[1]
_____

FROM THE 72ND DISTRICT COURT OF CROSBY COUNTY;

NO. 6,186; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant V. M .S. appeals from the termination of her parent-child relationship with her biological son, J. L. M. By two issues she challenges the trial court's findings that (1) she knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, and (2) she engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well being of the child. We affirm.

_____

[1]The parties refer to the child by name.

BACKGROUND

In January, 1999, the Texas Department of Protective and Regulatory Services (the Department) received a call concerning possible child abuse. Upon investigating the matter, the Department discovered that J. L. M., a child born to appellant V. M. S. on July 4, 1995, had a fracture of his upper right arm. The fracture occurred during the time J. L. M. and his two younger siblings were in the care of his maternal grandmother. The Department filed suit seeking conservatorship of the children and, if necessary, termination of the parental rights of the children's parents. The Department was granted conservatorship of all three children.

Efforts to reunify the family were not successful. On April 24, 2000, the case was tried to the court without a jury. The trial court terminated the parent-child relationship between appellant and her three children. As to J. L. M., the trial court found by clear and convincing evidence that (1) termination of the parent-child relationship between appellant and the child is in the child's best interest; (2) appellant knowingly allowed the child to remain in conditions or surroundings which endangers the physical or emotional well-being of the child; (3) appellant engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well being of the child; and (4) appellant failed to support the child in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition by the Department.

Although the trial court terminated her parent-child relationship with all three children, appellant appealed only from the termination of her parent-child relationship with J. L. M. By two issues she challenges the legal and factual sufficiency of the evidence to support certain of the trial court's findings. Her first issue challenges the evidentiary support for the trial court's finding that she knowingly allowed the child to remain in conditions or surroundings which endangers the physical or emotional well-being of the child. Her second issue challenges the evidentiary support for the finding that she engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well being of the child.

The Department asserts that the evidence is both legally and factually sufficient to support the challenged findings. Additionally, the Department notes that appellant does not challenge the trial court's findings that (1) appellant failed to support J. L. M. in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition by the Department and (2) termination of the parent-child relationship was in J. L. M.'s best interest. The Department urges that such unchallenged findings are sufficient to support the trial court's judgment even if appellant's issues are sustained on appeal. We agree with the Department that the unchallenged findings of the trial court require us to affirm the judgment.

A trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that (1) the parent has committed or engaged in one of the matters enumerated in Section 161.001(1) of the Family Code and (2) termination is in the best interest of the child. See TEX. FAM. CODE ANN. § 161.001(1), (2) (Vernon Supp.

3

2001); In re M.D.S., 1 S.W.3d 191, 197 (Tex.App.–Amarillo 1999, no pet.).  If a trial court's finding that the parent has committed or engaged in one of the matters enumerated in Section 161.001(1) is sustained or not challenged, and the trial court's finding that termination of the parent-child relationship is in the best interest of the child is not challenged, the judgment will be affirmed.  See id. at 199.

The judgment of the trial court is affirmed.  Because the judgment is affirmed on unchallenged findings, we need not address appellant's issues challenging sufficiency of the evidence.  See TEX. R. APP. P. 47.1.


Phil Johnson
Justice


Do not publish.

4